# United States District Court
## Northern District of Indiana
### Stephen R. Ludwig
#### Clerk of the Court

1108 Federal Building
Fort Wayne, Indiana
46802

P.O. Box 1498
Lafayette, Indiana
47902

101 Federal Building
Hammond, Indiana
46320

102 Federal Building
South Bend, Indiana
46601

08 cr 12

January 22, 2008

**F I L E D**
January 28, 2008
JAN 2 8 2008 CM

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Mr. Michael W. Dobbins, Clerk
United States District Court
219 South Dearborn Street
Chicago, IL 60604

RE:    USA vs Luther Reed Sparkman
        Cause No. 2:05-CR-161

Dear Mr. Dobbins:

Enclosed please find pursuant to the Transfer of Jurisdiction order:

(x)    Transfer of Jurisdiction order

(x)    Certified Copy of Docket Sheets

(x)    Certified Copy of Indictment

(x)    Certified Copy of Judgment In a Criminal Case

Sincerely,

STEPHEN R. LUDWIG, CLERK

By: _____ s/ Marijana Ciric ___
        Deputy Clerk
        Hammond Division



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604
January 14, 2008

MICHAEL W. DOBBINS

312-435-5698

Ms. Suzanne D. Alcala
United States District Court
United States Courthouse, Suite 2300
5400 Federal Plaza
Hammond, IN 46320

Dear Clerk:

**Re:**   US v Luther Reed Sparkman

Our case number:   **08 cr 0012**   **- Northern District of Illinois**

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Luther Reed Sparkman, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:

Yvette Pearson,  Deputy Clerk

Enclosure

| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER *(Tran. Court)* 0755 2:05CR00161 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* 08-CR-12 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT Northern District Of Indiana | DIVISION Hammond |
|---|---|---|
| Luther Reed Sparkman | NAME OF SENTENCING JUDGE Honorable Philip P. Simon | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 1/31/2007 | TO 1/30/2009 |

RECEIVED
DEC 06 2007
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

OFFENSE
CONSPIRACY TO DEFRAUD THE UNITED STATES

JUDGE DARRAH

# 08CR    0012

## MAGISTRATE JUDGE NOLAN

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____ Northern District of Illinois ____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to whom this transfer is made without further inquiry of this court.*

DOCKETED
JAN 1 4 2008

<u>11-19-07</u>
Date

_____
United Sates District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____ NORTHERN ____ DISTRICT OF ____ ILLINOIS

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED

JAN 0 9 2008 cm

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>JAN - 8 2008</u>
Effective Date

_____
*James F. Holderman*
United States District Judge

153

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:05-cr-00161-PPS-PRC All
### Defendants
### Internal Use Only

Case title: United States of America v. Sparkman

Date Filed: 09/23/2005
Date Terminated: 02/02/2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
DEPUTY CLERK
JAN 2 2 2008

Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Paul R
Cherry

## **Defendant**

**Luther R Sparkman** (1)
*TERMINATED: 02/02/2007*

represented by **Arlington J Foley**
Attorney at Law
8300 Mississippi St Suite 2B
Merrillville, IN 46410
219-769-1566
Fax: 219-769-0713
Email: AFoley@URISP.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

## **Pending Counts**

18:371 & 2(a) CONSPIRACY TO
COMMIT BANK AND WIRE
FRAUD; AIDING AND
ABETTING
(1)

## **Disposition**

6 months home detention with credit
for time served at Bradley House.
Supervised Release of 2 years.
Special assessment of $100.00. No
fine. Restitution to U.S. Bank in the
amount of $3,572.26, payable to
Clerk, U.S. District Court. $50
monthly payments until paid in full.

## **Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1343 & 2(a) WIRE FRAUD; AIDING AND ABETTING (2) | Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court, counts 2 and 3 of the Indictment are DISMISSED agnst Luther Sparkman. |
| 18:1344 & 2(a) BANK FRAUD; AIDING AND ABETTING (3) | Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court, counts 2 and 3 of the Indictment are DISMISSED agnst Luther Sparkman |

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                    **Disposition**

None

---

**Plaintiff**

**United States of America**     represented by    **Clarence Butler - AUSA, Jr**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5659
Fax: 219-852-2770
Email:
USAINN.ECFCivil@usdoj.gov
*TERMINATED: 09/13/2007*
*LEAD ATTORNEY*

**Diane L Berkowitz - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email: Diane.Berkowitz@usdoj.gov
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2005 | ●1 | INDICTMENT as to Luther R Sparkman (1) count(s) 1, 2, 3. (efc, ) Additional attachment(s) added on 11/15/2005 (efc, ) (Entered: 09/25/2005) |
| 09/23/2005 | ●2 | Warrant Issued in case as to Luther R Sparkman. (efc, ) (Entered: 09/25/2005) |
| 11/15/2005 | ● | Arrest of Luther R Sparkman (smb) (Entered: 11/15/2005) |
| 11/15/2005 | ● | Case unsealed as to Luther R Sparkman (smb) (Entered: 11/15/2005) |
| 11/15/2005 | ● | Judge update in case as to Luther R Sparkman. Judge Paul R Cherry added. (smb) (Entered: 11/15/2005) |
| 11/15/2005 | ●3 | INITIAL APPEARANCE as to Luther R Sparkman held on 11/15/2005 before Judge Paul R Cherry. Government appeared by AUSA D Berkowitz substituting for AUSA C Butler. Defendant appeared in person w/out cnsl. T Adamson appeared on behalf of U S Probation/Pretrial Services. Defend adv rights, charges, penalties. Defend request for appointment cnsl is granted-CJA23 Fin Affid on file. Clerk directed to notify Fed Comm Defender Office for apnt of cnsl. Arraignment set for 11/18/2005 01:45 PM in Hammond before Magistrate Judge Paul R Cherry. Detention Hearing set for 11/18/2005 01:45 PM in Hammond before Magistrate Judge Paul R Cherry. Defend ordered into temporary detention; remanded USM.(#Digitally Recorded.) (smb) (Entered: 11/15/2005) |
| 11/16/2005 | ●4 | CJA 20 as to Luther R Sparkman: Appointment of Attorney Arlington J Foley for Luther R Sparkman. By Judge Paul R Cherry on 11/16/05. (smb) (Entered: 11/16/2005) |
| 11/16/2005 | ●5 | Warrant Returned Executed on 11/15/05 in case as to Luther R Sparkman. (efc, ) (Entered: 11/17/2005) |
| 11/17/2005 | ●6 | NOTICE RESET HEARING as to Luther R Sparkman. Arraignment RESET for 11/18/2005 01:00 PM in Hammond before Magistrate Judge Paul R Cherry. Detention Hearing RESET for 11/18/2005 01:00 PM in Hammond before Magistrate Judge Paul R Cherry. Please note this is a change in time only.(smb) (Entered: 11/17/2005) |

| 11/18/2005 | ●7 | ARRAIGNMENT as to Luther R Sparkman (1) Count 1,2,3 held on 11/18/2005 before Judge Paul R Cherry. Government appeared by AUSA R Stewart for AUSA C Butler. Defend appeared in person and by A Foley. T Adamson appeared on behalf of U S Probation/Pretrial Services. Defend waives formal reading; Plea entered by Luther R Sparkman Not Guilty on counts all. Govt withdraws motion for pretrial detention. $20,000 Appearance Bond set as to Luther R Sparkman (1).Pretrial Motions due by 12/19/2005. Jury Trial set for 1/23/2006 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 1/13/2006 01:15 PM in Hammond before Magistrate Judge Paul R Cherry. Final PTC and Trial Management Order attached. (#Digitally Recorded.) (smb) (Entered: 11/22/2005) |
| --- | --- | --- |
| 11/18/2005 | ●8 | Appearance Bond Entered as to Luther R Sparkman in amount of $ 20,000 unsecured. (smb) (Entered: 11/22/2005) |
| 11/18/2005 | ●9 | ORDER Setting Conditions of Release as to Luther R Sparkman (1). Signed by Judge Paul R Cherry on 11/18/05. (smb) (Entered: 11/22/2005) |
| 01/13/2006 | ●10 | PRETRIAL CONFERENCE as to Luther R Sparkman held on 1/13/2006 before Judge Paul R Cherry. Government appeared by AUSA AUSA C Butler. Defendant appeared by attorney A Foley. Defense will be filing a motion to continue the 1/23/06 trial to which Government will have no objection. Final Pretrial Conference to be reset after ruling on the anticipated motion to continue. (#Digitally Recorded.) (smb) (Entered: 01/13/2006) |
| 01/17/2006 | ●11 | MOTION to Continue by Luther R Sparkman. (Foley, Arlington) (Entered: 01/17/2006) |
| 01/20/2006 | ●12 | ORDER granting 11 Motion to Continue as to Luther R Sparkman (1) Jury Trial reset for 3/28/2006 at 8:30 AM as a second setting in Hammond before Judge Philip P Simon. Final Pretrial Conference reset for 3/17/2006 at 9:45 AM in Hammond before Magistrate Judge Paul R Cherry.Signed by Judge Paul R Cherry on 1/20/06. (efc, ) (Entered: 01/20/2006) |
| 03/16/2006 | ●13 | MOTION to Continue *Pretrial Conference* by United States of America as to Luther R Sparkman. (Butler Jr, Clarence) (Entered: 03/16/2006) |
| 03/17/2006 | ●14 | ORAL ORDER granting 13 Motion to Continue as to Luther R Sparkman (1)Final Pretrial Conference RESET for |

| | | |
|---|---|---|
| | | 3/21/2006 09:00 AM in Hammond before Magistrate Judge Paul R Cherry. No pdf order to be issued. By Judge Paul R Cherry on 3/17/06. (smb) (Entered: 03/17/2006) |
| 03/20/2006 | ●15 | ORDER ON PROBATION REQUEST as to Luther R Sparkman for the Court to issue a warrant for the arrest of defendant. Signed by Judge Paul R Cherry on 3/20/2006. (rmn) (Entered: 03/22/2006) |
| 03/21/2006 | ●18 | SCHEDULED AS FINAL PRETRIAL CONFERENCE as to Luther R Sparkman on 3/21/2006 before Judge Paul R Cherry. Government appeared by AUSA Clarence Butler Jr. Defendant appeared by attorney Arlington Foley. Dft orally moves to continue trial as a Petition for Action on Pretrial Release has been filed by the Pretrial Services Dept with a warrant to be issued. Final Pretrial Conference continued. A written motion to continue the trial will follow. (Digitally Recorded.) (plm, ) (Entered: 03/23/2006) |
| 03/22/2006 | ●16 | ARREST Warrant Issued in case as to Luther R Sparkman per court's order [15]. (rmn) (Entered: 03/22/2006) |
| 03/22/2006 | ●17 | MOTION to Continue by Luther R Sparkman. (Foley, Arlington) (Entered: 03/22/2006) |
| 03/24/2006 | ●19 | ORDER granting 17 Motion to Continue as to Luther R Sparkman (1). Final Pretrial Conference reset for 5/19/2006 10:15 AM in Hammond before Magistrate Judge Paul R Cherry. Jury Trial reset for 5/30/2006 08:30 AM in Hammond before Judge Philip P Simon. Signed by Judge Paul R Cherry on 3/24/2006. (rmn) (Entered: 03/24/2006) |
| 05/18/2006 | ● | Reset Hearings as to Luther R Sparkman: Final Pretrial Conference RESET for 5/19/2006 11:00 AM in Hammond before Magistrate Judge Paul R Cherry. This is a change in time only. (smb) (Entered: 05/18/2006) |
| 05/19/2006 | ●21 | PRETRIAL CONFERENCE as to Luther R Sparkman held on 5/19/2006 before Judge Paul R Cherry. Government appeared by AUSA C Butler. Defendant appeared by attorney A Foley. Parties reminded that plea agreement deadline is 5/23/06 or otherwise parties will need to file a motion seeking additional time to file same before USDC. Defense will be moving to continue the trial. Government has no objection to a continuance. (Tape #FTR.) (smb) (Entered: 05/22/2006) |
| 05/22/2006 | ●20 | MOTION to Continue by Luther R Sparkman. (Foley, Arlington) (Entered: 05/22/2006) |

| 05/31/2006 | ●22 | ORDER granting 20 Motion to Continue as to Luther R Sparkman (1). Jury Trial reset for 7/31/2006 08:30 AM in Hammond before Judge Philip P Simon as a first setting. Final Pretrial Conference reset for 7/21/2006 01:30 PM in Hammond before Magistrate Judge Paul R Cherry. Signed by Judge Paul R Cherry on 5/31/2006. (rmn) (Entered: 06/01/2006) |
|---|---|---|
| 07/13/2006 | ●23 | MOTION to Continue *Trial* by United States of America as to Luther R Sparkman. (Butler Jr, Clarence) (Entered: 07/13/2006) |
| 07/18/2006 | ●24 | ORDER granting 23 Motion to Continue as to Luther R Sparkman (1). Jury Trial reset for 10/30/2006 08:30 AM in Hammond before Judge Philip P Simon as a first setting. Final Pretrial Conference reset for 10/23/2006 09:00 AM in Hammond before Magistrate Judge Paul R Cherry. NO FURTHER EXTENSIONS OF TIME WILL BE GRANTED. Signed by Judge Paul R Cherry on 7/18/2006. (rmn) (Entered: 07/18/2006) |
| 08/25/2006 | ●25 | Arrest Warrant Returned Executed on 8/25/06 in case as to Luther R Sparkman. (sda, ) (Entered: 08/25/2006) |
| 08/25/2006 | ● | Arrest of Luther R Sparkman (smb) (Entered: 08/28/2006) |
| 08/25/2006 | ●27 | INITIAL HEARING RE REVOCATION OF Pretrial Release as to Luther R Sparkman held on 8/25/2006 before Judge Paul R Cherry. Govt appeared by AUSA Clarence Butler. Defend Luther Sparkman appeared in person w/out counsel. Defend adv rights, charges, penalties. Bond Hearing set for 8/29/2006 10:00 AM in Hammond before Magistrate Judge Paul R Cherry. USM Ordered to produce the Defend.(FTR.) (smb) (Entered: 08/28/2006) |
| 08/28/2006 | ●26 | MOTION to Continue by Luther R Sparkman. (Foley, Arlington) (Entered: 08/28/2006) |
| 08/28/2006 | ●28 | ORDER granting 26 Motion to Continue as to Luther R Sparkman (1)Bond Hearing reset for 9/7/2006 03:30 PM in Hammond before Magistrate Judge Paul R Cherry. By Judge Paul R Cherry on 8/28/06. No pdf order to be issued. (smb) (Entered: 08/28/2006) |
| 09/07/2006 | ●29 | BOND HEARING as to Luther R Sparkman held on 9/7/2006 before Judge Paul R Cherry. Govt appeared by AUSA C Butler. Dft appeared in person and by atty A Foley. M Page appeared on behalf of U S Probation/Pretrial Services. Defend |

| | | |
|---|---|---|
| | | admits to allegations contained in petition for action on conditions of pretrial release except for cocaine usage. Court finds that Defend has violated terms and conditions of bond. Modification of conditions of release Ordered w/out objection. Court ORDERS Defend Luther R. Sparkman to report to Bradley House/Mich City, IN and obey all rules and procedures required at Bradley House/Mich City, IN. Defend to stay in temporary bed detention until confirmation of bed availability. Court ORDERS the US Marshal Service transport Luther R Sparkman to Bradley House/Mich City, IN upon notification by Pretrial Release. All original terms and conditions of pretrial release are reinstated and/or remain in effect. Trial and FPTC dates reaffirmed. (Tape #FTR.)(smb) (Entered: 09/11/2006) |
| 09/08/2006 | | (Court only) ***Location start as to Luther R Sparkman (smb) (Entered: 09/11/2006) |
| 10/23/2006 | 🔾30 | PRETRIAL CONFERENCE as to Luther R Sparkman held on 10/23/2006 before Judge Paul R Cherry. Govt appeared by AUSA C Butler. Dft appeared by atty A Foley. Parties anticipate non-trial disposition. Parties reminded of plea agreement ddl of 10/23/06. Formal Final Pretrial Conference not conducted-to be reset only if necessary. (Tape #FTR.) (smb) (Entered: 10/23/2006) |
| 10/24/2006 | 🔾31 | PLEA AGREEMENT as to Luther R Sparkman (Foley, Arlington) (Entered: 10/24/2006) |
| 10/25/2006 | 🔾32 | NOTICE OF HEARING as to Luther R Sparkman: Change of Plea Hearing set for 10/26/2006 01:30 PM in Hammond before Judge Philip P Simon. (nac, ) (Entered: 10/25/2006) |
| 10/26/2006 | 🔾33 | CHANGE OF PLEA HEARING as to Luther R Sparkman held on 10/26/2006 before Judge Philip P. Simon. Gov't present by Clarence Butler, Jr., AUSA. Dft is present in person and by cnsl Arlington Foley. U.S. Probation Officer James Holm is present. Dft advised of Constitutional rights, charges and penalties. Plea entered by Luther R Sparkman: Guilty as to Count 1. Court orders judgment of guilty entered upon the dft's plea of guilty to the Indictment. Plea of guilty is accepted by the Court. Court reserves acceptance of plea agreement pending a review of the Presentence Investigation Report. Referred to U.S. Probation Office for PSI Report. Sentencing set for 1/31/2007 09:00 AM in Hammond before Judge Philip P Simon. The trial date of 10/30/2006 is VACATED on the Court calendar of Judge Philip P. |

| | | |
|---|---|---|
| | | Simon.(Court Reporter Sharon Boleck-Mroz.) (nac, ) (Entered: 10/26/2006) |
| 10/26/2006 | ◑ | Terminate Deadlines and Hearings as to Luther R Sparkman: jury trial date of 10/30/2006. (nac, ) (Entered: 10/26/2006) |
| 01/18/2007 | ◑34 | MOTION to Continue *to Change Time for Sentencing Hearing* by Luther R Sparkman. (Foley, Arlington) (Entered: 01/18/2007) |
| 01/23/2007 | ◑35 | ORDER granting 34 Motion to Continue as to Luther R Sparkman:Sentencing RESET for 1/31/2007 10:30 AM in Hammond before Judge Philip P Simon. Please note that this is a change in time only. Ordered by Judge Philip P Simon on 1/23/2007 (no pdf order to be issued). (nac) (Entered: 01/23/2007) |
| 01/31/2007 | ◑36 | SENTENCING held on 1/31/2007 for Luther R Sparkman before Judge Philip P. Simon. Gov't present by Dean Lanter, AUSA. Dft in person and by cnsl Arlington Foley. J. Holm, U.S. Probation Officer is present in person. Evidence presented: witness Luther R. Sparkman. Dft requests departure and credit for time served at Bradley House. Dft sentenced on count 1: 6 months home detention with credit for time served at Bradley House. Supervised Release of 2 years. Special assessment of $100.00. No fine. Restitution to U.S. Bank in the amount of $3,572.26, payable to Clerk, U.S. District Court. Restitution is due in full immediately. If the dft cannot pay immediately then $50 monthly payments until paid in full. Dft advised of rights to an appeal. Cnsl reminded of duty to perfect appeal, should client wish. (Court Reporter Sharon Boleck-Mroz.) (nac) Modified on 2/2/2007 (Collins, Noel). (Entered: 02/01/2007) |
| 01/31/2007 | ◑40 | Letters on behalf of Luther Sparkman. (nac) (Entered: 02/02/2007) |
| 02/02/2007 | ◑37 | MOTION to Dismiss *Counts 2 and 3 of the Indictment* by United States of America as to Luther R Sparkman. (Bella - AUSA, Daniel) (Entered: 02/02/2007) |
| 02/02/2007 | ◑38 | JUDGMENT as to Luther R Sparkman. Signed by Judge Philip P Simon on 2/2/2007. (nac) (Entered: 02/02/2007) |
| 02/02/2007 | ◑39 | ORDER granting 37 Motion to Dismiss (counts 2 and 3) as to Luther R Sparkman. Signed by Judge Philip P Simon on 2/2/2007. (nac) (Entered: 02/02/2007) |

| 08/21/2007 | ⚫41 | PETITION FOR SUMMONS FOR OFFENDER UNDER SUPERVISION as to Luther R Sparkman. Signed by Magistrate Judge Andrew P Rodovich on 8/21/07. (original returned to USPO) (tlr) (Entered: 08/22/2007) |
| --- | --- | --- |
| 08/22/2007 | ⚫42 | Summons Issued in case as to Luther R Sparkman (tlr) (Entered: 08/22/2007) |
| 08/22/2007 | ⚫ | Set/Reset Hearings as to Luther R Sparkman: Initial Supervised Release Revocation Hearing set for 9/5/2007 09:00 AM in Hammond before Magistrate Judge Paul R Cherry. (tlr) (Entered: 08/22/2007) |
| 08/31/2007 | ⚫43 | Summons Returned Executed on 8/30/2007 as to Luther R Sparkman (rmn) (Entered: 08/31/2007) |
| 09/05/2007 | ⚫45 | INITIAL HEARING RE REVOCATION OF SUPERVISED RELEASE as to Luther R Sparkman held on 9/5/2007 before Judge Paul R Cherry. Govt appeared by AUSA N Padilla. Dft appeared in person and by atty A Foley. L Fuentes appeared on behalf of U S Pretrial Services. Defend adv rights, charges, penalties. Court reappoints attny F Foley to represent the Defend. No objection to release on $20,000 Appearance Bond. All conditions of supervised to remain intact. Supervised release revocation hearing to be set by the District Court by separate notice.(#FTR.) (smb) (Entered: 09/13/2007) |
| 09/05/2007 | ⚫46 | Appearance Bond Entered as to Luther R Sparkman in amount of $ 20,000 unsecured (smb) (Entered: 09/13/2007) |
| 09/11/2007 | ⚫44 | MOTION to Substitute Attorney by United States of America as to Luther R Sparkman. (Berkowitz - AUSA, Diane) (Entered: 09/11/2007) |
| 09/13/2007 | ⚫47 | ORDER granting 44 Motion to Substitute Attorney. The Court ORDERS that the appearance of Attorney Diane L Berkowitz is entered on behalf of the government and the appearance of Attorney Clarence Butler Jr on behalf of the government is hereby WITHDRAWN. Signed by Judge Paul R Cherry on 9/13/2007. (rmn) (Entered: 09/14/2007) |
| 09/14/2007 | ⚫48 | NOTICE OF HEARING as to Luther R Sparkman: Final Supervised Release Revocation Hearing set for 11/15/2007 01:30 PM before Judge Philip P Simon. (nac) (Entered: 09/14/2007) |
| 11/07/2007 | ⚫49 | NOTICE: The Supervised Release Revocation Hrg previously set for 11/15/2007 is VACATED on the Court calendar of |

| | | Judge Philip P. Simon. A new date will be assigned. (nac) (Entered: 11/07/2007) |
|---|---|---|
| 11/07/2007 | ● | Terminate Deadlines and Hearings as to Luther R Sparkman: (supervised release revocation hrg date of 11/15/07 - a new date will be assigned). (nac) (Entered: 11/07/2007) |
| 11/13/2007 | ●50 | PETITION ON PROBATION/SUPERVISED RELEASE: as to Luther R Sparkman : Recommendation by USPO and the Court ORDERING that the previous petition to revoke supervision (fld 8/20/07) is DISMISSED. Dft to reside 90 days at the Salvation Army Community Correctional Center. (cpy: USA, USPO). (nac) (Entered: 11/14/2007) |
| 11/13/2007 | ●51 | REQUEST for Modifying the Conditions or Term of Supervised Release with Consent of the Offender as to Luther R Sparkman: with ORDER thereon by Judge Philip P. Simon: modifying terms - dft shall reside at the Salvation Army Community Corrections Center for 90 days. (cpy: USA, USPO). (nac) (Entered: 11/14/2007) |
| 11/19/2007 | ●52 | ORDER TRANSFERRING JURISDICTION as to Luther R Sparkman to USDC Northern District of Illinois. Signed by Judge Philip P Simon on 11/19/2007 awaiting signature of accepting judicial officer. (rmn) (Entered: 11/21/2007) |
| 01/17/2008 | ●53 | Probation Jurisdiction Transferred to Northern District of Illinois as to Luther R Sparkman. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mc) (Entered: 01/22/2008) |
| 01/17/2008 | ●54 | Letter to USDC, Northern District of Illinois, regarding transfer of jurisdiction. (mc) (Entered: 01/22/2008) |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO: 2:05 CR 161 PS |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1343 |
| LUTHER R. SPARKMAN | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 2(a) |

## I N D I C T M E N T

**THE GRAND JURY CHARGES:**

### COUNT 1

From  in or about at least August 2004, and continuing into at least October 2004, the

exact dates being unknown to the grand jury, in the Northern District of Indiana, and elsewhere,

### LUTHER R. SPARKMAN,

defendant herein, unlawfully, willfully and knowingly did combine, conspire, confederate and

agree with persons known and unknown to the Grand Jury to commit wire and bank fraud against

the United States by the following means:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By _____
DEPUTY CLERK
Date _____ JAN 2 3 2008

1

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1. US Bank was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2. US Bank was a financial institution insured by the Federal Deposit Insurance Corporation (FDIC).

3. The defendant, Luther Sparkman had a checking account at US Bank located in the State of Illinois. Furthermore, Luther Sparkman had a US Bank debit card for this account

4. Harrah's E.C. was a gambling casino located in East Chicago, Indiana.

5. Global Cash Access was a business based in Las Vegas, Nevada and was engaged in interstate commerce. Global Cash Access processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6. All processing and clearing of electronic fund transfers by Global Cash Access which were done for Harrah's E.C. involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana, and across various state boundary lines.

7. As part of the routine course of business at the Harrah's E.C., individuals wishing to gamble could obtain a cash advance on either their credit card, or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

2

9.    To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10.    With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (i.e. requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Nevada by interstate wire to Global Cash Access. Global Cash Access would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Cash Access would either approve or disapprove the request. This approval or denial was then wired back to the Harrah's E.C. located in the State of Indiana.

11.    If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a Global Cash Access check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This Global Cash Access check was then cashed by the Casino and the funds were given to the individual.

**B.    PURPOSE OF THE SCHEME AND ARTIFICE**

12.    In or about October of 2004, the defendant, devised and intended to devise a scheme and artifice to attempt to defraud US Bank and Harrah's E.C., by obtaining and attempting to obtain money and funds of US Bank and Harrah's E.C., that the defendant was not legally entitled to.

3

## C.    THE SCHEME AND ARTIFICE

### OVERT ACTS

As part of this scheme and artifice, LUTHER SPARKMAN, did

13.    Knowingly plan to deposit into his US Bank checking account a worthless check drawn on Bank One and attempt to take a cash advance on that check prior to the discovery by US Bank, Bank One, or Harrah's E.C. that in fact the check deposited into his US Bank checking account was worthless.

14.    On or about October 25, 2004, Luther Sparkman did cause to be deposited into his US Bank checking account an electronically generated deposit transaction supported by an empty ATM envelope in the amount of $3900.  On or about October 26, 2004, Luther Sparkman did cause to be deposited into his US Bank checking account a transaction in the amount $3600.00 which involved a closed account of Bank One.  The purpose of this deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against this amount.

15.    That on or about October 26, 2004, Luther Sparkman, did travel to the Harrah's E.C. in East Chicago,  Indiana, and attempt to use the funds from this $3600.00 worthless check which was drawn on a closed account of Bank One, to engage in a $2500 debit card transaction.

16.    That Luther Sparkman did present his US Bank debit card to Harrah's E.C. officials and request that his checking account be debited for $2500.00 and that he be given $2500.00 cash.

**D. THE (WIRE) COMMUNICATION**

On or about October 26, 2004, in the Northern District of Indiana,

**LUTHER R. SPARKMAN,**

the defendant herein, for the purpose of executing the above-described scheme and attempting to

do so, did knowingly cause to be transmitted in interstate commerce from the Harrah's E.C.

located in East Chicago, Indiana, to Global Cash Access in Las Vegas, Nevada, by means of a

wire communication, certain signals, that is, electronic data and information, which was

necessary to complete a $2500 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 371 and 2(a).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 2**</u>

On or about October 26, 2004, in the Northern District of Indiana,

**LUTHER R. SPARKMAN,**

the defendant herein, for the purpose of executing the above-described scheme and attempting to

do so, did knowingly cause to be transmitted in interstate commerce from the Harrah's E.C.

located in East Chicago, Indiana, to Global Cash Access in Las Vegas, Nevada, by means of a

wire communication, certain signals, that is, electronic data and information, which was

necessary to complete a $2500 cash back debit card transaction;

**A.    INTRODUCTION**

1.    US Bank was a financial institution engaged in interstate commerce and had offices and
       bank branches in Illinois.

2.    US Bank was a financial institution insured by the Federal Deposit Insurance Corporation
       (FDIC).

3.    The defendant, Luther Sparkman had a checking account at US Bank located in the State
       of Illinois. Furthermore, Luther Sparkman had a US Bank debit card for this account

4.    Harrah's E.C. was a gambling casino located in East Chicago, Indiana.

5.    Global Cash Access was a business based in Las Vegas, Nevada and was engaged in
       interstate commerce. Global Cash Access processed and cleared electronic fund
       transfers for various banks and other facilities located throughout the United States.

6.    All processing and clearing of electronic fund transfers by Global Cash Access which
       were done for Harrah's E.C., involved the transmission of electronic information from

6

inside the State of Indiana to outside the State of Indiana, and across various state boundary lines.

7.   As part of the routine course of business at the Harrah's E.C., individuals wishing to gamble could obtain a cash advance on either their credit card, or through a debit to their bank debit card.

8.   To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9.   To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10.  With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (i.e. requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Nevada by interstate wire to Global Cash Access. Global Cash Access would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Cash Access would either approve or disapprove the request. This approval or denial was then wired back to the Harrah's E.C. located in the State of Indiana.

11.  If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a Global Cash Access check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This Global Cash Access check was then cashed by the Casino and the funds were given to the

individual.

**B.    PURPOSE OF THE SCHEME AND ARTIFICE**

12.    In or about October of 2004, the defendant, devised and intended to devise a scheme and

artifice to attempt to defraud US Bank and Harrah's E.C., by obtaining and attempting to

obtain money and funds of US Bank and Harrah's E.C., that the defendant was not legally

entitled to.


**C.    THE SCHEME AND ARTIFICE**

As part of this scheme and artifice, LUTHER SPARKMAN, did

13.    Knowingly plan to deposit into his US Bank checking account a worthless check drawn

on Bank One and attempt to take a cash advance on that check prior to the discovery by

US Bank, Bank One, or Harrah's E.C. that in fact the check deposited into his US Bank

checking account was worthless.

14.    On or about October 25, 2004, Luther Sparkman did cause to be deposited into his US

Bank checking account an electronically generated deposit transaction supported by an

empty ATM envelope in the amount of $3900. On or about October 26, 2004, Luther

Sparkman did cause to be deposited into his US Bank checking account a transaction in

the amount $3600.00 which involved a closed account of Bank One. The purpose of this

deposit was to fraudulently inflate the available account balance so that a cash advance

could be taken against this amount.

15.    That on or about October 26, 2004, Luther Sparkman, did travel to the Harrah's E.C. in

East Chicago, Indiana, and attempt to use the funds from this $3600.00 worthless check

which was drawn on a closed account of Bank One, to engage in a $2500 debit card

transaction.

16.    That Luther Sparkman did present his US Bank debit card to Harrah's E.C. officials and

request that his checking account be debited for $2500.00 and that he be given $2500.00

cash.

## D. THE (WIRE) COMMUNICATION

On or about October 26, 2004, in  the Northern District of Indiana,

### LUTHER R. SPARKMAN,

the defendant herein, for the purpose of executing the above-described  scheme and attempting to

do so, did knowingly cause to be transmitted in interstate commerce from the Harrah's E.C.

located in East Chicago, Indiana, to Global Cash Access  in Las Vegas, Nevada, by means of a

wire communication, certain signals, that is, electronic data and information, which was

necessary to complete a $2500 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343 and 2(a)

**THE GRAND JURY FURTHER CHARGES**:

### COUNT 3

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 16 of

Count One of this indictment.

2.    On or about October 26, 2004, in the Northern District of Indiana,

**LUTHER R. SPARKMAN,**

the defendant herein, for the purpose of executing the above-described scheme and attempting to

do so, did knowingly use a US Bank debit card to attempt to engage in the unauthorized

withdrawal of $2,500 from a US Bank, a financial institution insured by the Federal Deposit

Insurance Corporation (FDIC);

All in violation of Title 18, United States Code, Section 1344 and 2(a).


A TRUE BILL:


s/ Foreperson
FOREPERSON



JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY



By:    s/ Clarence Butler, Jr.
Clarence Butler, Jr.
Assistant United States Attorney

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

_____NORTHERN_____    District of    _____INDIANA_____

UNITED STATES OF AMERICA
### V.

LUTHER R. SPARKMAN

### JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| Case Number: | 2:05 CR 161 PS |
| USM Number: | 08565-027 |

_____Arlington J. Foley_____
Defendant's Attorney

## THE DEFENDANT:

x   pleaded guilty to count(s)        1

☐ pleaded nolo contendere to count(s)    _____
which was accepted by the court.

☐ was found guilty on count(s)    _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Bank and Wire Fraud | 10/26/2004 | 1 |

        The defendant is sentenced as provided in pages 2 through        6        of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)    _____

x   Count(s)        2 and 3        ☐ is   x   are  dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_____January 31, 2007_____
Date of Imposition of Judgment

_____S/Philip P. Simon_____
Signature of Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
    I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
    STEPHEN R. LUDWIG, CLERK
By _____Morgaue Clime_____
        DEPUTY CLERK
Date    1-22-08

_____Philip P. Simon, U.S. District Court Judge_____
Name and Title of Judge

_____February 2, 2007_____
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT: LUTHER R. SPARKMAN
CASE NUMBER: 2:05 CR 161 PS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

6 months of home detention with credit for time served at the Bradley House.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:        LUTHER R. SPARKMAN
CASE NUMBER:      2:05 CR 161 PS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     2 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release after being placed on supervised release and at least two periodic drug tests per month thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.   The defendant shall support the defendant's dependents and meet other family responsibilities.

5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.   The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7.   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.   The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10.  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15.  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page    4    of    6

DEFENDANT:        LUTHER R. SPARKMAN
CASE NUMBER:    2:05 CR 161 PS

## ADDITIONAL SUPERVISED RELEASE TERMS

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the 15 standard conditions that have been adopted by this Court, and shall comply with the following additional conditions.

The defendant shall submit to one drug test within 15 days after being placed on supervised release and up to 2 periodic tests per month thereafter.

The defendant shall not illegally possess a controlled substance.

The defendant shall not possess a firearm or destructive device.

The defendant shall participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer.

The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly Co-Payment.

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

The defendant shall be placed on home detention for a period of 6 months. During this time, the defendant shall remain at this place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any "call forwarding", "Caller ID", "call waiting", modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Dept.

The defendant is to pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly Co-Payment. Changes to the established rate can be made by the probation officer subject to supervisory approval.

Restitution shall be paid in full immediately. In the event that the defendant is unable to pay the restitution immediately, the restitution shall be paid at a minimum rate of $50.00 per month until said amount is paid in full.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall notify the United States Attorney's Office for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT:    LUTHER R. SPARKMAN
CASE NUMBER:    2:05 CR 161 PS

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ $100.00 | $ none | $ 3,572.26 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Hammond, IN 46320 for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. Bank | | $3,572.26 | |

| **TOTALS** | $ _____ | $ ____3,572.26____ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   x restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:    LUTHER R. SPARKMAN
CASE NUMBER:    2:05 CR 161 PS

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   **X**   Lump sum payment of $ ___3,672.26___   due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   **X**   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   **X**   Special instructions regarding the payment of criminal monetary penalties:

     The restitution is due immediately. In the event that the defendant is unable to pay the restitution immediately, the restitution shall be paid at a minimum rate of $50.00 per month until said amount is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.